SUMMARY ORDER
Plaintiff-Appellant King’s Gym Complex, Inc. (“King’s Gym”) appeals from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, Judge), entered on June 16, 2006 granting Defendant-Appel-lee Philadelphia Indemnity Insurance Company’s (“Philadelphia”) motion to dismiss King’s Gym’s breach of contract claim under Federal Rule of Civil Procedure 12(b)(1). The District Court held that King’s Gym had failed to meet its burden of proving the existence of a justiciable controversy and thus failed to establish the District Court’s subject matter jurisdiction necessary to adjudicate its claim. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). In doing so, the District Court properly considered evidence outside the pleadings, including the insurance policy, sworn affidavits from both parties, correspondence between the parties and other relevant documents. See id. (“In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings.”). We assume the parties’ familiarity with the remaining factual background, procedural history, and issues on appeal. For the reasons that follow, we affirm the decision of the District Court.
King’s Gym’s first argument on appeal appears to be nothing more than the proposition that dismissal of its claim in the District Court was error because King’s Gym had timely filed suit against Philadelphia.[1] If Philadelphia had asserted, before the District Court, a defense based upon a purported failure by King’s Gym to file suit within the applicable time limit, then King’s Gym’s argument to the contrary would be relevant to this appeal. Instead, Philadelphia argued — and the District Court agreed — that King’s Gym had not presented a justiciable controversy to the Court. The District Court reasoned that King’s Gym had not submitted a business loss claim to Philadelphia, that Philadelphia therefore could not have breached its duty under the policy to honor such a claim, and that King’s Gym could not assert a claim in federal court based upon such an alleged breach. King’s Gym’s argument regarding the timeliness of its suit *344 against Philadelphia does not address the District Court’s basis for dismissing its suit — the absence of a justiciable controversy and thus the lack of subject matter jurisdiction. To the extent King’s Gym argues that it should be allowed to maintain a suit, even though no justiciable controversy yet exists because otherwise it would be time-barred, this argument is plainly foreclosed by the jurisdictional nature of justiciability requirements.
As to the question of its filing a business loss claim with Philadelphia, King’s Gym argues that the policy does not explicitly require it to “file a claim” before filing suit against Philadelphia unless Philadelphia had previously requested King’s Gym to submit a proof of loss, which Philadelphia did not do. Although the language of the policy between King’s Gym and Philadelphia is unclear regarding precisely what conduct by the insured constitutes a filing of a business loss claim, we need not address the question of whether King’s Gym did so in this case. King’s Gym conceded — both before the District Court and in its brief to this Court — that it had not suffered any business loss prior to its filing suit against Philadelphia. The policy obligates Philadelphia to pay for the ‘actual loss of Business Income’ the insured sustains as a result of a covered loss, and there is no evidence in the record that Philadelphia ever denied or declined to follow up on an actual loss of business income claim by King’s Gym. Indeed, the record demonstrates that Philadelphia repeatedly tried to contact King’s Gym and, prior to King’s Gym’s complaint, notified it that it considered the claim inactive. The District Court correctly concluded that there existed before it no dispute ripe for adjudication, and the District Court properly granted Philadelphia’s motion to dismiss King’s Gym’s claims for lack of subject matter jurisdiction.
For the foregoing reasons, we AFFIRM the judgment of the District Court.

. Specifically, King’s Gym asserts that it sued Philadelphia within the "contractual statute of limitations,” which apparently runs for two years from the date of the property damage— in this case, November 13, 2003. The parties do not dispute the existence of this two-year limit in the policy.